**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>KEITH LOGAN. | Criminal Action No. 19-928 (MAS)<br><br>**MEMORANDUM ORDER** |

**SHIPP, District Judge**

This matter comes before the Court upon Defendant Keith Logan's ("Logan") Letter Motion for Early Termination of Supervised Release ("Motion") pursuant to 18 U.S.C. § 3583(e). (ECF No. 644.) The United States of America (the "Government") did not e-file a response to the Motion. The Court has considered Logan's Motion under Local Civil Rule 78.1, which applies to criminal cases under Local Criminal Rule 1.1. For the reasons stated below, the Motion is denied.

**I.   BACKGROUND**

On February 7, 2020, Logan pled guilty to a one-count Superseding Information charging him with conspiracy to "distribute and possess with intent to distribute 28 grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance," in violation of 26 U.S.C. § 846. (*See* Superseding Information, ECF No. 255; *see also* Plea Agreement, ECF No. 268.)

On September 29, 2020, Logan was sentenced to 33 months of imprisonment with 3 years of supervised release with special conditions.[1] (Minutes of Proceedings, ECF No. 364; J., ECF No. 365.)

"On September 6, 2022, [] Logan was released from the Bureau of Prisons after serving 21 months of his imposed 33-month term of imprisonment." (Probation Letter 2.[2]) On October 20, 2022, however, Logan tested positive for alcohol, in violation of his supervised release special condition, when the Probation Office ("Probation") conducted a home visit. (Report and Order on Individual Under Supervision at 1, ECF No. 558.) The Court did not take formal action at the time, as recommended by Probation. (*See id.* at 2.) On March 15, 2023, Logan again tested positive for alcohol, in violation of his supervised release special condition. (Report and Order on Individual Under Supervision at 1, ECF No. 604.) Again, the Court did not take formal action at that time, as recommended by Probation. (*Id.* at 2.)

Logan is scheduled to complete supervised release on September 5, 2025. (Probation Letter 2.) On March 12, 2024,[3] Logan moved for early termination of supervised release based on his purported compliance with the supervised release conditions and general success in "re-acclimating into society." (*See* Logan's Mot. 1, ECF No. 644.) Specifically, he states that he has "gained and maintained steady employment," "remained drug and alcohol free," "has not gotten into any trouble," and is currently "reattaining [his] New Jersey driver's license."

---

[1] The following special conditions were ordered: (1) Alcohol/Drug Testing and Treatment; (2) Mental Health Treatment; (3) Life Skills/Education; and (4) Supporting Dependents. (J. 3.)

[2] The Probation Department submitted its response directly to Chambers.

[3] The letter was received by the Court on April 1, 2024. (ECF No. 644.)

(*Id.*) Logan also asserts that he aspires to "own[] his own business" and notes that supervised release has made accessing certain resources difficult. (*Id.*) Finally, he states that he would like to be more involved with his children and their extracurricular school activities. (*Id.*)

Probation has not reported any further violations, and notes that Logan has complied with all conditions of supervised release and is being monitored by the District of New Jersey's Low Risk Case Load. (Probation Letter 2.)

## II.   LEGAL STANDARD

Motions to amend or modify the conditions of supervised release are governed by 18 U.S.C. § 3583(e), which allows the sentencing court to terminate supervised release "at any time after the expiration of one year of supervised release," if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). When reviewing the § 3553(a) factors, the Court need not make specific findings for each factor. *United States v. Melvin*, 978 F.3d 49, 52-53 (2020). The Court need only state that it has considered them. *Id.* at 53.

Although the Third Circuit held that § 3583(e)(1) does not require a finding of new or unforeseen circumstances, it reasoned that, generally, only when new or unforeseen circumstances warrant it will a sentencing judge grant a motion for early termination of supervised release under § 3583(e)(1). *Id.* The Third Circuit has held "[t]hat is because, if a sentence was 'sufficient, but not greater than necessary' when first pronounced, we would

expect that something will have changed in the interim that would justify an early end to a term of supervised release." *Id.*

### III. DISCUSSION

The Court has considered the § 3553(a) factors and finds that early termination of supervised release is not warranted nor is it in the interest of justice. *Id.* at 52 ("After considering these factors, the court may provide relief only if it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." (citing 18 U.S.C. § 3583(e)(1))).

While the Court commends Logan's progress towards living a law-abiding life and appreciates his desire to start a business and attend his children's extracurricular activities, compliance with the terms of supervised release is what is expected of probationers, and without more, cannot justify early termination. *See United States v. Caruso*, 241 F. Supp. 2d 466, 469 (D.N.J. 2003) ("[M]ere compliance with the terms of probation or supervised release is what is expected of probationers, and without more, is insufficient to justify early termination."). In addition, there are no new or unforeseen circumstances that warrant a change in the Court's assessment. In short, the Court carefully considered the § 3553(a) factors at sentencing, imposed a sufficient sentence, and finds that early termination is not warranted and is not in the interest of justice here. As such, the Motion is denied.

IV.     **ORDER**

For the foregoing reasons,

**IT IS**, on this 12th day of August 2024, **ORDERED** that:

1.  Logan's Letter Motion for Early Termination of Supervised Release (ECF No. 644) is **DENIED**.

*[signature]*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**